UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALI EL-HALLANI,**
individually and on behalf of
all similarly-situated persons,                                **Case No**. 13-     cv-
**MARK MANUAEEL**,                                             Hon.
individually and on behalf of
all similarly situated persons,

      Plaintiffs,

v.

**HUNTINGTON NATIONAL BANK,**

      Defendant.
_____/

| | |
|---|---|
| NABIH H. AYAD & ASSOCIATES, P.C. | BARRY A. SEIFMAN, P.C. |
| Nabih H. Ayad (P59518) | Barry Seifman (P20197) |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 2200 Canton Center Road, Suite 220 | 30665 Northwestern Highway, Suite 255 |
| Canton, MI 48187 | Farmington Hills, MI 48334 |
| Phone: (734) 983-0500 | Phone: (248) 538-0711 |
| Fax:   (734) 983-0520 | Fax:   (248) 932-1112 |

JAAFAR & MAHDI LAW GROUP, P.C.
Kassem M. Dakhlallah (P70842)
Attorney for Plaintiffs
23400 Michigan Ave., Suite 110
Dearborn, MI 48124
Phone: (313) 846-6400
_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## CLASS ACTION COMPLAINT

**NOW COME** the Plaintiffs, ALI EL-HALLANI and MARK MANUAEEL ("Plaintiffs"), and Class members, by and through their attorneys, NABIH H. AYAD & ASSOCIATES, P.C., BARRY A. SEIFMAN, P.C., and JAAFAR & MAHDI LAW

GROUP, P.C., and for their Complaint against the Defendant, HUNTINGTON NATIONAL BANK, N.A., ("Defendant"), state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ali El-Hallani is an individual residing in the City of Canton, County of Wayne, State of Michigan.

2. Plaintiff Mark Manuaeel is an individual residing in the City of Farmington Hills, County of Oakland, State of Michigan.

3. Defendant Huntington National Bank ("Huntington") is a subsidiary corporation of Huntington Bancshares Incorporated, headquartered in Columbus, Ohio. Huntington transacts business throughout the Eastern District of Michigan.

4. The subject matter of this lawsuit involves racial, ethnic, national origin and religious discrimination committed by Defendant within the Eastern District of Michigan.

5. This lawsuit also arises out of statutory violations committed by Defendant within the Eastern District of Michigan.

6. The amount in controversy, excluding interest, fees and costs exceeds seventy five thousand ($75,000.00) dollars and therefore, jurisdiction and venue are properly in this Court.

7. This is a class action brought in diversity between the Class of Plaintiffs and Defendant Huntington, wherein jurisdiction lies under 28 U.S.C. § 1332. Jurisdiction is also proper as the class action concerns a federal question, pursuant to 28 U.S.C. § 1331. Venue is proper in this court under 28 U.S.C. Sec. 1392(b) because a substantial number of the events and occurrences giving rise to this action occurred in the Eastern

District of Michigan and because a number of the Plaintiffs are located within the Eastern District of Michigan.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

9. Plaintiffs bring this action on behalf of a Class of individuals who are past, current and future customers of Huntington.

10. The Class is numerous and some members of the Class will not be identified until they become customers of Huntington. Accordingly, joinder is impracticable.

11. Questions of law and/or fact predominate among all members of the Class in that any legal and/or factual issues relating to the rights of Plaintiffs as individuals will be equally applicable to any and all Class members.

12. Plaintiffs' claims are typical of the claims of the other members of the Class, and Plaintiffs will fairly and adequately represent the interests of the Class.

13. The maintenance of a class action is superior to other available methods of adjudication in promoting the convenient administration of justice because, *inter alia*:

   a. the prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront Defendant with incompatible standards of conduct;

   b. the prosecution of separate actions would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

3

    c. final declaratory and equitable relief is appropriate with respect to the class;

    d. the action will be manageable as a class action;

    e. in view of the complexity of the issues and the expense of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

    f. it is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action; and

    g. individual class members do not have a significant interest in controlling the prosecution or defense of separate actions.

14. The Plaintiff Class is proper for certification under Fed. R. Civ. P. 23.

## FACTUAL ALLEGATIONS

15. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

16. Plaintiffs are former customers of Huntington.

17. Plaintiffs are Arab Americans, or perceived as Arab Americans, of Middle Eastern origin.

18. Stated another way, Plaintiffs are Americans of Arab descent, or perceived as Americans of Arab descent, of Middle Eastern origin.

19. Arabs are a racial minority in the United States.

20. Plaintiffs are Muslim, or perceived as Muslim.

21. Muslim is a religious minority in the United States.

22. Huntington is a federally-chartered and federally-regulated bank with branches located in Ohio, Michigan, Pennsylvania, Indiana, West Virginia, and Kentucky.

23. Plaintiffs had a bank account with Huntington.

24. On March 11, 2013, Huntington unilaterally closed Plaintiff Ali El-Hallani's account without providing Plaintiff with any reason for doing so.

25. On March 4, 2013, Huntington unilaterally closed Plaintiff Mark Manuaeel's account without providing Plaintiff with any reason for doing so.

26. When Plaintiffs investigated the reason for the closure of their accounts, Huntington provided no explanation.

27. Plaintiffs engaged in no illegal activity involving their accounts at any point.

28. Huntington's Arab and Muslim customers of Middle Eastern descent, or customers perceived as Arab and Muslim of Middle Eastern descent, are subject to greater scrutiny than non-Arab, non-Muslim and non-Middle Eastern customers, and must overcome a suspicion that they are attempting to aid in terrorist activity or are conducting fraudulent activity.

29. Huntington's actual reason for deciding to close Plaintiffs' account is because Plaintiffs are Arab, Muslim and Middle Eastern, or perceived as Arab, Muslim or Middle Eastern.

30. In other words, non-Arabs, non-Muslim and non-Middle Eastern customers who have account histories similar to Plaintiffs would not have their accounts closed by Huntington.

## COUNT I
## VIOLATION OF 42 USC 1981

31. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

32. 42 U.S.C. 1981 (2006) provides:

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

33. Defendant had a duty to conduct its business in a fair and equal manner, regardless of national origin, ethnicity, or religion. Defendant failed to conduct its business in a fair and equal manner which prejudiced the Plaintiffs who are a protected class under the federal discrimination rules and practices.

34. Defendant, by closing Plaintiffs' bank accounts, infringed upon Plaintiff's rights under 42 U.S.C. 1981.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

**G.** Such other and further relief as this Court may deem necessary or appropriate.

## COUNT II
## VIOLATION OF 42 USC 1982

35. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

36. 42 U.S.C. 1982 provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

37. Defendant had a duty to treat all of their customers in an equal fashion, regardless of national origin, ethnicity, or religion. Defendants, by closing Plaintiffs' bank accounts, were acting in a fashion to discriminate against individuals in the Middle Eastern community, or perceived as individuals in the Middle Eastern community, or Muslim religion, or perceived as individuals belonging to the Muslim religion.

7

38. Defendant, by closing Plaintiffs' bank accounts, infringed upon Plaintiff's rights under 42 U.S.C. 1982.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

G. Such other and further relief as this Court may deem necessary or appropriate.

### COUNT III
### NEGLIGENT HIRING

39. Plaintiff incorporates all previous allegations by reference as if fully restated herein.

40. Huntington, as a business serving the public and employing many people, has a duty to exercise reasonable care when making hiring decisions to ensure that its employees will not violate the rights of customers.

8

41. Huntington breached its duty to use reasonable care when hiring, as is shown by the hiring of employees that exposed not only Plaintiffs, but also other customers to discrimination.

42. Upon information and belief, Huntington also does not perform background checks on prospective employees relating to a propensity to engage in discrimination before hiring them.

43. Huntington's breach of its duty to use reasonable care in hiring resulted in Plaintiff being discriminated against.

44. Because of Huntington's negligent hiring, Plaintiffs have been damaged. Such damages are ongoing and are pecuniary in nature.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civil P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

G. Such other and further relief as this Court may deem necessary or appropriate.

## COUNT IV
## <u>NEGLIGENT TRAINING</u>

45. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

46. Huntington, as a business serving the public and employing several people, has a duty to exercise reasonable care when training its employees to refrain from racial, ethnic, national origin and religious discrimination to ensure that its employees will not behave in a manner that could cause harm to its customers.

47. Huntington breached its duty to use reasonable care in training its employees to refrain from racial, ethnic, national origin and religious discrimination.

48. Huntington's breach of its duty to use reasonable care in training its employees resulted in Plaintiffs being discriminated against.

49. Because of Huntington's negligent training of its employees, Plaintiffs have been damaged. Such damages are ongoing and are pecuniary in nature.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

  A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

  B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

  C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

  D. Pre and post-judgment interest;

    E.      A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

    F.      An amount of exemplary and punitive damages that the Court deems proper; and

    G.      Such other and further relief as this Court may deem necessary or appropriate.

## COUNT V
## NEGLIGENT SUPERVISION

50. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

51. Huntington, as a business serving the public and employing several people, has a duty to exercise reasonable care in supervising its employees so as to ensure that its employees do not engage in racial, ethnic, national origin and religious discrimination against its customers.

52. Huntington breached its duty to use reasonable care in supervising its employees because its employees discriminated against its customers on a regular basis without Huntington taking disciplinary action against them.

53. Furthermore, the discrimination was allowed to continue even after Huntington was alerted that its employees were engaging in racial, ethnic, national origin and religious discrimination against its customers.

54. Huntington's breach of its duty to use reasonable care in supervising its employees resulted in Plaintiffs being discriminated against.

55. Because of Huntington's negligent supervision of its employees, Plaintiffs have been damaged. Such damages are ongoing and are pecuniary in nature.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

G. Such other and further relief as this Court may deem necessary or appropriate.

## COUNT VI
## NEGLIGENT RETENTION

56. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

57. Huntington, as a business serving the public and employing several people, has a duty to exercise reasonable care when deciding whether or not to retain an employee so as to ensure that it will not retain an employee who will discriminate against it customers.

58. Because Huntington has received complaints and inquiries from many of its customers relating to discriminatory closing of customer accounts, Huntington knew or should have known that its employees had a propensity to engage in racial, ethnic, national origin and religious discrimination against its customers.

59. Huntington breached its duty to use reasonable care in retaining its employees because it chose to keep employees that it knew or should have known engaged in racial, ethnic, national origin or religious discrimination against its customers.

60. Huntington's breach of its duty to use reasonable care in retaining its employees resulted in Plaintiff being discriminated against.

61. Because of Huntington's negligent retention of its employees, Plaintiffs have been damaged. Such damages are ongoing and are pecuniary in nature.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

- A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

- B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

- C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

- D. Pre and post-judgment interest;

- E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

- F. An amount of exemplary and punitive damages that the Court deems proper; and

  G. Such other and further relief as this Court may deem necessary or appropriate.

## SUPPLEMENTAL STATE CLAIM
### COUNT VII
### VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

  62. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.

  63. Huntington is a "place of public accommodation" as that term is defined in Mich. Comp. L. 37.3201(a) under the Elliott-Larsen Civil Rights Act (ELCRA).

  64. Mich. Comp. L. 37.3202(a) makes it a violation of the ELCRA to "deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status."

  65. By closing Plaintiffs' accounts for a discriminatory purpose, Huntington has violated the ELCRA.

  66. Because of Huntington's violation of the ELCRA, Plaintiffs have suffered damages.

  67. Such damages are ongoing and are pecuniary in nature.

**WHEREFORE**, Plaintiffs ALI EL-HALLANI and MARK MANUAEEL respectfully request, on behalf of themselves and the members of the Class as defined herein, the following relief:

  A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(c);

14

B. Money damages in whatever amount in excess of $75,000.00 Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members are found to be entitled;

C. Reasonable attorney fees, costs and expenses incurred in connection with this suit;

D. Pre and post-judgment interest;

E. A Temporary Restraining Order under Fed. R. Civ. P. 65(b) prohibiting Defendant from closing the accounts of Plaintiffs Ali El-Hallani and Mark Manuaeel and other Class members for discriminatory reasons;

F. An amount of exemplary and punitive damages that the Court deems proper; and

G. Such other and further relief as this Court may deem necessary or appropriate.

## DEMAND FOR JURY

Plaintiffs hereby request a trial by jury on all counts pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**NABIH H. AYAD & ASSOCIATES, P.C.**

/s/ Nabih H. Ayad
_____
Nabih H. Ayad (P-59518)
Attorney for Plaintiffs
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
(734) 983-0500

**LAW OFFICES OF BARRY A. SEIFMAN, P.C.**

/s/ Barry Seifman
_____
Barry Seifman (P20197)
Attorney for Plaintiffs
30665 Northwestern Highway, Suite 255
Farmington Hills, MI 48334
Phone: (248) 538-0711
Fax: (248) 932-1112


**JAAFAR & MAHDI LAW GROUP, P.C.**

/s/ Kassem M. Dakhlallah
_____
Kassem M. Dakhlallah (P70842)
Attorney from Plaintiffs
23400 Michigan Ave., Suite 110
Dearborn, MI 48124
(313) 846-6400


Dated: July 11, 2013					ATTORNEYS FOR PLAINTIFFS